UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

FILED
CLERK, U.S. DISTRICT COURT
AUG 10 2026
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION AP BY DEPUTY

Fee Due

A.C., a minor, by and through
KRESHA CAEL, next friend,

Petitioner,

v.

JEANY ZEPEDA, in her official capacity as Director of San Bernardino County Children and Family Services,

Respondent.

Case No. EDCV26-04500 - AB(BFM)

San Bernardino County Superior Court Case No. J299487
California Court of Appeal Case No. E088087
California Supreme Court Case No. S295964

---

# PETITION FOR WRIT OF HABEAS CORPUS
UNDER 28 U.S.C. § 2254

Kresha Cael, Next Friend of Petitioner A.C., In Propria Persona

17251 Dante St, Victorville, CA 92394

(951) 906-0793 | Intimehome.ad@gmail.com

Petitioner A.C., a minor, by and through Kresha Cael, next friend, petitions for a writ of habeas corpus under 28 U.S.C. § 2254. Kresha Cael appears solely as next friend of A.C. and does not assert any separate claim for relief belonging exclusively to herself.

## PARTIES

1. A.C. is a minor and is the real party in interest and Petitioner. A.C. is presently subject to continuing custody, placement, visitation, and family-contact restraints maintained pursuant to the state-court order identified in Paragraph 7 below.

2. Kresha Cael is A.C.'s mother and appears solely as A.C.'s next friend. She asserts no separate parental claim and seeks no relief based exclusively on an alleged violation of her own rights.

3. A.C. is unable to litigate this matter personally because he is a minor and is subject to the custody restraints challenged in this petition. Kresha Cael has a significant relationship with A.C. and is dedicated to protecting A.C.'s interests. She understands that A.C., not Kresha Cael, is the real party in interest and that any relief must be based on A.C.'s own federal rights. See Whitmore v. Arkansas, 495 U.S. 149, 163-66 (1990).

4. If the Court determines that A.C. requires an independent representative or guardian ad litem because of an actual or potential conflict, Petitioner requests appointment of an appropriate representative under Federal Rule of Civil Procedure 17(c). Kresha Cael does not oppose protective measures necessary to protect A.C.'s interests.

## JURISDICTION AND CUSTODY

5. This petition arises under 28 U.S.C. § 2254(a). A.C. is the person seeking relief, A.C. is presently subject to custody pursuant to the state-court order identified below, and A.C. alleges that the custody violates the Constitution or laws of the United States. Section 2254(a) authorizes habeas review only on that federal basis.

6. This petition challenges A.C.'s own present custody. It does not assert a parental-rights claim belonging exclusively to Kresha Cael, seek damages, request an advisory opinion, or ask this Court to decide an abstract issue of California law.

7. The specific custody judgment or order challenged in this petition is the March 19, 2026 order entered in San Bernardino County Superior Court Case No. J299487, denying the omnibus motion brought on A.C.'s behalf. That order currently maintains A.C.'s placement in foster care and continues the visitation and family-contact restraints identified in Grounds One through Six of this petition.

8. The challenged restraint is continuing. It presently affects where A.C. may live, the conditions under which A.C. may remain in foster care, and the extent to which A.C. may maintain contact with legally recognized family members. The petition therefore seeks relief from current custody, not merely review of a completed historical event.

9. A.C. alleges that the challenged custody was imposed or continued through specific federal violations, including denial of constitutionally adequate procedures, use or maintenance of materially false information, unequal treatment, unlawful interference with A.C.'s family

relationships, and failure to comply with applicable federal statutory requirements. Each ground is pleaded as a claim belonging to A.C.

10. The requested relief is limited to the custody restraint established to be unlawful. A.C. does not ask this Court to select a foster placement, award custody to Kresha Cael or any other person, decide disputed California-law issues in the first instance, supervise the state dependency court, or direct a particular custody, visitation, placement, or permanency result.

11. A.C. recognizes the holding of Lehman v. Lycoming County Children's Services Agency, 458 U.S. 502, 510-16 (1982), concerning a parent's collateral challenge to state-court termination and foster-home custody proceedings. This petition is brought by A.C. himself and does not seek an order awarding custody to his mother or a federal reweighing of parental fitness. It challenges the legality of the continuing custody restraints imposed on A.C. and seeks only relief authorized by federal habeas law.

12. A.C. does not rely on the state-institution question reserved in Lehman. Instead, A.C. requests that the Court evaluate whether the particular custody judgment and continuing restraints identified in Paragraph 7 constitute custody within the meaning of § 2254(a), considering the legal effect of the order, the state official responsible for maintaining the custody, and the federal violations alleged.

13. Even under Lehman, federal habeas jurisdiction has been understood to reach restraints that are "substantial" and "not shared by the public generally." Lehman v. Lycoming County Children's Services Agency, 458 U.S. 502, 509 (1982). The restraint A.C. presently experiences meets that description. A.C. has been separated not only from his mother but from his entire extended family, including six siblings who share his father, and the paternal and maternal relatives who sought to care for him. That family relationship is the one consistent presence documented throughout A.C.'s life in state custody: the record reflects that his visits with his mother have never been characterized by the State as inconsistent, and the trial court itself stated on the record that those visits were appropriate and went well.

14. The restraint is also not temporary in the way an ordinary custody dispute might be. If the proceedings underlying this petition continue toward termination of parental rights and adoption, A.C.'s separation from his family becomes permanent and irreversible, including the loss of his legal relationship to his mother and siblings and, potentially, his legal name and identity as her son. A restraint of that severity and permanence is squarely the kind of substantial restraint the custody requirement of Section 2254(a) is concerned with, even though it does not take the form of physical incarceration.

15. The "usual channels" Lehman itself identifies as the appropriate alternative to federal habeas — "appeal, certiorari and the civil rights statutes" — have been attempted here. Lehman, 458 U.S. at 516, quoting Sylvander v. New England Home for Little Wanderers, 584 F.2d 1103, 1111 (1st Cir. 1978). The order challenged in this petition was appealed through the state's full

appellate process: the San Bernardino County Superior Court, the California Court of Appeal in Case No. E088087, and the California Supreme Court in Case No. S295964, which denied review on April 15, 2026.

16. Petitioner further notes, as an example of the broader pattern of attempting available state appellate remedies rather than bypassing them, that in a related proceeding in this same underlying dependency matter, Case No. E088111, appointed appellate counsel submitted a letter to the Court of Appeal stating he found no arguable appellate issues. Based on that letter, the Court of Appeal declined to accept the writ petition in that matter, with the refusal communicated verbally and no written order issued. Petitioner was consequently unable to seek certiorari from that proceeding, since certiorari requires a written decision to review. Petitioner cites this only as context showing that the state appellate channels Lehman identifies have been pursued as fully as they were made available to her, not as a ground for relief in this petition.

17. A.C. acknowledges that the Court may determine that Lehman forecloses habeas review notwithstanding these distinctions. A.C. nevertheless alleges a nonfrivolous basis for applying § 2254(a) because this is a direct challenge by the child to the legality of his own continuing state-imposed custody, not a parent's collateral challenge to parental rights.

## RESPONDENT

18. Respondent is Jeany Zepeda, sued solely in her official capacity as Director of San Bernardino County Children and Family Services. Respondent is named because she is alleged, on information and belief verified through the agency's own public records, to be the official who directs the agency exercising legal authority over A.C.'s placement and care pursuant to the operative dependency and placement orders in San Bernardino County Superior Court Case No. J299487. Petitioner will confirm or amend this designation once the operative custody order is directly reviewed.

19. Respondent is named under Rule 2(a) of the Rules Governing Section 2254 Cases because A.C. is currently in custody under a state-court judgment or order. Respondent is not named merely because he or she supervises an agency, participated in the underlying dependency proceeding, or may have information concerning the case.

20. This petition seeks no damages, personal liability, or retrospective relief against Respondent. It seeks only relief authorized by federal habeas law from the specific current custody restraint identified in Paragraph 7.

21. If the Court determines that the operative custody order identifies a different custodial official, A.C. requests a reasonable opportunity to amend the Respondent designation before dismissal, to the extent permitted by law.

## EXHAUSTION OF STATE REMEDIES

22. Before filing this petition, A.C. presented each federal ground included below to the California courts through the state filings identified in the following paragraphs. Each presentation identified the federal constitutional or statutory basis of the claim and provided the state courts a meaningful opportunity to consider the federal question. A.C. does not rely solely on the underlying facts, a state-law label, or the absence of a reasoned state-court opinion.

23. Ground One was presented in Part X.A and Part II.C of the omnibus motion denied by the San Bernardino County Superior Court on March 19, 2026, addressing the December 21-22, 2023 warrantless removal and the manufactured exigency underlying it. It was reviewed by the Court of Appeal in Case No. E088087, and was presented to the California Supreme Court in Case No. S295964, which denied review on April 15, 2026.

24. Ground Two was presented in Part III and Part VIII.A of the same omnibus motion, addressing the February 5, 2026 detriment finding and the incorrect legal standard applied at the March 19, 2026 hearing. It was reviewed in Case No. E088087 and was presented to the California Supreme Court in Case No. S295964.

25. Ground Three was presented in Part IV and Part II.A of the same omnibus motion, addressing the perjury committed at the October 8, 2024 hearing and the false Finding 9 in the December 27, 2023 detention report. It was reviewed in Case No. E088087 and was presented to the

California Supreme Court in Case No. S295964.

26. Ground Four was presented in Part IX of the same omnibus motion, addressing the Indian Child Welfare Act jurisdictional defect. It was reviewed in Case No. E088087 and was presented to the California Supreme Court in Case No. S295964.

27. Ground Five was presented in Part V and Part VII of the same omnibus motion, addressing recognition of the Voluntary Declaration of Paternity and the mandatory sibling rights inquiry. It was reviewed in Case No. E088087 and was presented to the California Supreme Court in Case No. S295964.

28. Ground Six was presented in Part VI and Part IX of the same omnibus motion, addressing placement relief and Indian Child Welfare Act placement preferences. It was reviewed in Case No. E088087 and was presented to the California Supreme Court in Case No. S295964.

29. Petitioner includes only claims that were fairly presented to the California Supreme Court. If any claim listed above was not presented to the California Supreme Court in federal terms, that claim must be removed from this petition or expressly identified as unexhausted before filing. Petitioner does not allege that an unexhausted claim is exhausted.

30. To the extent a claim was adjudicated on the merits, Petitioner recognizes that relief is governed by 28 U.S.C. § 2254(d). To the extent the state court did not adjudicate a claim on the merits, the federal court applies the governing federal habeas standards without treating a state-law ruling as a federal constitutional ruling.

## TIMELINESS UNDER 28 U.S.C. § 2244(d)

31. The custody judgment or order challenged in this petition was reviewed in California Court of Appeal Case No. E088087. The California Supreme Court denied review in Case No. S295964 on April 15, 2026.

32. No petition for a writ of certiorari challenging that state-court disposition was filed in the United States Supreme Court. Accordingly, for purposes of 28 U.S.C. § 2244(d)(1)(A), the judgment became final when the period for seeking certiorari expired, approximately July 14, 2026. The one-year federal limitations period therefore extends approximately through July 14, 2027, subject to any applicable statutory tolling under 28 U.S.C. § 2244(d)(2).

33. This petition is filed on August 9, 2026, within one year after the judgment became final. Petitioner does not rely on equitable tolling.

## STATEMENT OF FACTS

34. A.C. is a dependent child in San Bernardino County Superior Court Case No. J299487. He is currently placed in foster care pursuant to the operative custody and placement order identified in Paragraph 7.

35. On December 21, 2023, CFS and law enforcement removed A.C. from the care of Dennis Abdullah. Petitioner alleges that the removal occurred without a warrant, without a filed dependency petition authorizing removal at that time, and without exigent circumstances sufficient to justify removal without prior judicial authorization. Petitioner relies on the contemporaneous removal records and the state-court record for the factual details of the removal.

36. Before removal, state records associated with the Department of Child Support Services identified Dennis Abdullah as a person associated with A.C.'s parentage or support history. Petitioner does not rely on the existence of a child-support case alone to establish legal parentage or to establish the absence of exigent circumstances. Petitioner alleges that the records were relevant to whether the State had a reasonable opportunity to identify and evaluate an available parent before removal.

37. On February 6, 2024, a jurisdictional hearing affecting A.C.'s custody proceeded without Kresha Cael present. Petitioner alleges that notice was not reasonably calculated to apprise her of the hearing and that the court relied on an unconfirmed drug-screening result without providing a meaningful opportunity to examine or challenge the result.

38. On October 8, 2024, CFS worker Larry Outland Jr. gave testimony concerning facts material to A.C.'s continued custody. Petitioner alleges that testimony was contradicted by the record in at least three respects: a fabricated account of a home conversation that did not occur; testimony regarding drug test results contradicted by results already in CFS's possession; and a misrepresentation of the content of a text message from Petitioner. The reporter's transcript of

the October 8, 2024 hearing and the underlying CFS records are the state-court materials supporting this allegation.

39. Petitioner further alleges that CFS relied on an inaccurate representation concerning Sean Gordon's willingness to care for A.C. and that the representation affected the placement analysis. CFS represented to the court that Sean Gordon was unwilling to care for A.C.; Petitioner disputes that representation as false, based on Sean Gordon's own account of his willingness to be assessed for placement.

40. On February 5, 2026, the court entered a detriment finding affecting A.C.'s visitation with Kresha Cael. Petitioner alleges that the restriction was imposed without adequate notice, without a meaningful opportunity to present and challenge evidence, and without findings supported by evidence specific to A.C.

41. On March 19, 2026, the superior court denied the motion brought on A.C.'s behalf. Petitioner alleges that the court applied the changed-circumstances standard associated with Welfare and Institutions Code § 388 even though the motion presented was an omnibus motion addressed to the court's independent authority under Welfare and Institutions Code § 366.3, a Permanency Planning Review governed by a best-interest-of-the-child standard, not a changed-circumstances standard. Petitioner asserts the resulting federal claim only to the extent the ruling deprived A.C. of a meaningful federal due-process opportunity to challenge the continuation of his custody; Petitioner does not ask this Court merely to correct an error of California law.

42. On August 5, 2025, Petitioner disclosed documented ancestry through the Choctaw Nation of Oklahoma and the Mississippi Band of Choctaw Indians. As of March 19, 2026 — over 26 months after A.C.'s removal — CFS had never sent the notice required by 25 U.S.C. § 1912(a) to either tribe or the Bureau of Indian Affairs. Petitioner independently sent that notice by certified mail to the Choctaw Nation of Oklahoma, the Mississippi Band of Choctaw Indians, and the Bureau of Indian Affairs on March 19, 2026; CFS's prior 26-month failure to send the required notice is not cured by Petitioner's independent action.

43. Petitioner alleges that the State considered or rejected identified relatives without applying the federal placement preferences that apply if A.C. is an Indian child and the proceeding is one covered by 25 U.S.C. § 1915. Petitioner does not ask this Court to select a placement. Petitioner seeks only relief authorized by federal habeas law if the state custody restraint was maintained in violation of an applicable federal requirement.

## GROUNDS FOR RELIEF

### GROUND ONE

**UNREASONABLE SEIZURE AND CONTINUING CUSTODY** — in violation of the Fourth and Fourteenth Amendments.

44. A.C. realleges Paragraphs 1 through 43.

45. On December 21, 2023, state officials removed A.C. from Dennis Abdullah's care without a warrant or prior judicial authorization. Petitioner alleges that no specific and articulable exigent circumstance justified the removal without prior judicial review. The Detention Report's own Finding 9, stating no relatives were able, approved, and willing to care for A.C., is directly contradicted by page 8 of that same report, which documents a relative already cleared through a DOJ background check and awaiting a scheduled in-home visit. The same report separately documents, at page 5, that the removing agency coordinated A.C.'s mother's arrest with local law enforcement and then relied on that arrest to support the claimed exigency.

46. The federal claim is not based solely on a violation of California law. It is based on the Fourth and Fourteenth Amendments and on the continuing legal effect of the removal and custody orders that maintain A.C.'s present custody.

47. A.C. was never afforded a contested hearing on the legality of his removal. On December 28, 2023, appointed counsel waived the contested detention hearing without Petitioner's knowledge or consent. A.C. was therefore denied any full and fair opportunity to litigate the seizure claim, as distinguished from having litigated it and lost; the state courts never reached the merits of whether the removal was lawful. The claim was exhausted as part of the omnibus motion described in Paragraph 22.

48. If the Court determines that the initial seizure is not reviewable through § 2254 because it does not continue to affect A.C.'s present custody, Petitioner requests no separate damages remedy in this proceeding and relies only on the continuing custody restraint that the Court determines is properly before it.

### GROUND TWO

**DENIAL OF A MEANINGFUL FEDERAL DUE-PROCESS HEARING CONCERNING CONTINUED CUSTODY AND VISITATION** — in violation of the Fourteenth Amendment.

49. A.C. realleges Paragraphs 1 through 48.

50. A.C. alleges that the February 5, 2026 detriment finding and the March 19, 2026 custody ruling continued or intensified restraints on his custody and relationship with his mother without constitutionally adequate notice, a meaningful opportunity to present and challenge evidence, and findings supported by evidence specific to A.C.

51. Petitioner does not ask this Court to decide whether the state court correctly interpreted Welfare and Institutions Code §§ 388 or 366.3 as a matter of California law. The federal question is whether the procedures used to continue A.C.'s custody and restrict his family relationship provided the minimum process required by the Fourteenth Amendment.

52. The specific procedural defects were: the February 5, 2026 detriment finding was entered on argument rather than evidence, without an evidentiary hearing and without documented safety findings specific to A.C.; and the March 19, 2026 ruling applied the changed-circumstances standard governing Welfare and Institutions Code § 388 to a motion actually governed by the best-interest standard of § 366.3. These defects affected the custody restraint because they allowed A.C.'s visitation to be severed and his placement to continue without the evidentiary and legal standard actually required before those restraints could be imposed.

53. The claim was fairly presented to the California Supreme Court as a federal Fourteenth Amendment due-process claim, as identified in Paragraph 24.

**GROUND THREE**

**USE OR MAINTENANCE OF MATERIALLY FALSE EVIDENCE IN PROCEEDINGS DETERMINING A.C.'S CUSTODY** — in violation of the Fourteenth Amendment.

54. A.C. realleges Paragraphs 1 through 53.

55. Petitioner alleges that CFS worker Larry Outland Jr. presented materially false testimony concerning drug test results, a fabricated home conversation, and the content of a text message from Petitioner, at the October 8, 2024 hearing.

56. The accurate information was contained in CFS's own drug testing records, which were already in CFS's possession and contradicted Outland's testimony at the time it was given. The State knew or should have known the testimony was false because the contradicting records originated from CFS's own files. The false information was material because it was used to support continued removal and to justify the custody restraint challenged in this petition.

57. This claim is pleaded under the Fourteenth Amendment as a claim that materially false evidence was knowingly or recklessly used to maintain A.C.'s custody. Petitioner does not plead Brady v. Maryland or Napue v. Illinois as standalone rules governing this dependency proceeding.

58. The claim was fairly presented to the California Supreme Court as a federal due-process claim, as identified in Paragraph 25.

**GROUND FOUR**

**VIOLATION OF THE INDIAN CHILD WELFARE ACT'S NOTICE REQUIREMENTS** — in violation of 25 U.S.C. § 1912(a).

59. A.C. realleges Paragraphs 1 through 58.

60. Petitioner alleges that the state court had reason to know that A.C. may be an Indian child based on the disclosure of possible Choctaw ancestry on August 5, 2025.

61. Section 1912(a) requires the party seeking foster-care placement, termination of parental rights, or preadoptive placement to provide notice of the proceeding to the parent or Indian custodian and the identified tribe, in the manner required by the statute. The statute does not require notice to be sent to the child personally in place of notice to the statutory recipients.

62. Petitioner alleges that the required notice was not provided to the Choctaw Nation of Oklahoma or the Mississippi Band of Choctaw Indians, to the extent each constitutes an "Indian tribe" with respect to which A.C. may be eligible for membership within the meaning of 25 U.S.C. § 1903(8), for over 26 months after A.C.'s removal, as set forth in Paragraph 38. Petitioner does not allege that both tribes were necessarily entitled recipients of notice as a matter of law; Petitioner alleges that the state court's duty of inquiry required determining each tribe's status and A.C.'s eligibility before proceeding, and that no such determination was made. Petitioner's own subsequent certified mailing of notice to both tribes does not cure the State's prior 26-month failure to make that determination or to provide notice to whichever tribe or tribes the determination required.

63. Petitioner seeks no federal determination that A.C. is an Indian child based solely on ancestry allegations. Petitioner seeks only relief authorized by federal law if the State maintained the challenged custody restraint without completing the notice process required by § 1912(a).

64. This claim was fairly presented to the California Supreme Court as a federal ICWA claim, as identified in Paragraph 26.

**GROUND FIVE**

**DENIAL OF EQUAL PROTECTION AND ARBITRARY INTERFERENCE WITH A.C.'S FAMILY RELATIONSHIPS** — in violation of the Fourteenth Amendment.

65. A.C. realleges Paragraphs 1 through 64.

66. Petitioner alleges that state actors intentionally treated A.C. differently from similarly situated children or family members in applying the same parentage and placement standards. The allegedly comparable persons are A.C.'s six siblings, who share the same alleged legal father, Ronald McCorkle Jr.; the decision-makers are the San Bernardino County juvenile dependency court and San Bernardino County Children and Family Services; and the materially identical fact is that the same man, McCorkle, sought recognition of his parentage as to all seven

children.

67. The challenged distinction concerned recognition of McCorkle's parentage: the juvenile dependency court recognized McCorkle's parentage of A.C.'s six siblings through a formal order, resulting in their placement with him without termination of their mother's parental rights, while refusing to recognize McCorkle's Voluntary Declaration of Paternity as to A.C. specifically. Petitioner alleges that the distinction was arbitrary and lacked a rational relationship to a legitimate governmental purpose.

68. The existence of different biological, legal, or procedural circumstances between A.C. and his siblings, standing alone, does not establish an equal-protection violation. Petitioner relies on the specific evidence identified in Paragraph 66 — the placement of the six siblings with McCorkle following recognition of his parentage, and the refusal to recognize the identical Voluntary Declaration of Paternity as to A.C. — to show that the State applied a materially different rule to A.C. without a constitutionally sufficient basis. Petitioner has not yet obtained the specific order or orders placing the six siblings with McCorkle and will identify that order with particularity once obtained, including through the record Respondent is required to produce under Rule 5.

69. Petitioner also alleges that the State substantially restricted A.C.'s family relationships without constitutionally adequate procedures and without findings specific to A.C. The federal claim concerns the process and justification for the specific restriction, not a request for a federal custody award or a particular placement.

70. This claim was fairly presented to the California Supreme Court as a federal equal-protection and family-association claim, as identified in Paragraph 27.

**GROUND SIX**

**VIOLATION OF THE INDIAN CHILD WELFARE ACT'S PLACEMENT PREFERENCES, IF APPLICABLE** — in violation of 25 U.S.C. § 1915(b).

71. A.C. realleges Paragraphs 1 through 70.

72. Section 1915(b), not § 1915(a), governs the order of preferences for foster-care or preadoptive placements of an Indian child. If A.C. is an Indian child and the proceeding is covered by § 1915(b), the State must apply the statutory placement preferences unless good cause to depart from them is established under applicable federal law.

73. Petitioner alleges that the State considered or rejected identified relatives — including a paternal relative, Karissa Jackson, and Sean Gordon — without applying the federal placement-preference analysis and without establishing legally sufficient good cause for departure, and without any placement-preference analysis being conducted while A.C.'s potential Indian-child status remained unresolved.

74. Petitioner does not ask this Court to order placement with Karissa Jackson, Sean Gordon, Ronald McCorkle Jr., Kresha Cael, or any other person. Petitioner seeks only relief authorized by federal habeas law if the challenged custody restraint was maintained in violation of an applicable federal placement requirement.

75. This claim was fairly presented to the California Supreme Court as a federal ICWA placement-preference claim, as identified in Paragraph 28.

**GROUND SEVEN**

**DENIAL OF A FEDERALLY IMPARTIAL TRIBUNAL** — in violation of the Fourteenth Amendment.

76. A.C. realleges Paragraphs 1 through 75.

77. Petitioner's mother filed a statement of disqualification against the trial judge under California Code of Civil Procedure § 170.1. The trial judge ruled on the merits of her own disqualification, rather than referring the matter to another judge as § 170.3(c)(1) requires. The trial judge subsequently held a hearing concerning a judicial recall campaign organized against her by A.C.'s mother, without notice to A.C.'s mother and without affording her the opportunity to be present or heard, and continued presiding over A.C.'s case notwithstanding that campaign.

78. Petitioner does not allege that the judge's violation of California Code of Civil Procedure § 170.3(c)(1), standing alone, establishes a federal violation. The federal claim is that a judge with alleged knowledge of a recall campaign organized against her by a litigant appearing before her, who ruled on her own disqualification and then held an unnoticed hearing concerning that same campaign before continuing to preside, presented a constitutionally intolerable probability of bias in the proceedings determining A.C.'s custody.

79. This claim was fairly presented to the California Supreme Court as a federal due-process and impartial-tribunal claim, presented in Part X.M of the same comprehensive omnibus motion underlying Case Nos. E088087 and S295964.

**PRAYER FOR RELIEF**

Pursuant to 28 U.S.C. §§ 2241, 2243, and 2254, Petitioner respectfully requests that the Court:

1 Conduct the preliminary review required by Rule 4 of the Rules Governing Section 2254 Cases;

2 If the petition is not subject to summary dismissal, order the proper Respondent to file an answer, motion, or other response addressing the custody alleged, each exhausted federal ground, the applicable standard under 28 U.S.C. § 2254(d), and the portions of the state-court record required by Rule 5;

3 Determine, only to the extent necessary to decide this petition, whether A.C. is in custody pursuant to the state-court order identified in Paragraph 7 and whether that custody is reviewable under § 2254(a);

4 If the Court determines that the challenged custody is reviewable under § 2254 and violates the Constitution or laws of the United States, grant only the relief authorized by federal habeas law and narrowly tailored to the specific federal violation established;

5 If necessary to remedy the established violation, order the proper custodial Respondent not to continue the specific unlawful custody, placement, visitation, or family-contact restraint unless and until the State provides a proceeding that complies with the federal requirements identified in the Court's order;

6 If the Court determines that an applicable ICWA notice or placement requirement was violated, grant only the relief authorized by federal law concerning that violation and the specific custody restraint affected by it;

7 Permit any proceeding ordered as relief to provide A.C. constitutionally adequate notice, a meaningful opportunity to be heard through an appropriate representative, an impartial decision-maker, findings supported by the evidence, and equal application of governing federal standards;

8 Grant an evidentiary hearing only to the extent authorized by 28 U.S.C. § 2254(e)(2) and the Rules Governing Section 2254 Cases;

9 Direct production or supplementation of the state-court record only as authorized by Rule 5 of the Rules Governing Section 2254 Cases;

10 Do not construe the requested relief as asking this Court to place A.C. with Kresha Cael, Ronald McCorkle Jr., Karissa Jackson, Sean Gordon, any other relative, or any particular person; to award custody; to order reunification; to direct a particular visitation schedule; to supervise the state dependency court; or to require a particular custody, placement, parentage, or permanency result; and

11 Grant such other relief as federal habeas law authorizes and as is necessary to remedy the specific federal violation established, or dismiss any claim that is unexhausted, untimely, noncognizable, directed to an improper Respondent, or barred by applicable federal law.

## VERIFICATION

I, Kresha Cael, am the next friend of Petitioner A.C. I have read the foregoing Petition for Writ of Habeas Corpus. The factual allegations are true of my personal knowledge, except for allegations expressly stated on information and belief. As to allegations stated on information and belief, I believe them to be true. I make this verification in my capacity as A.C.'s next friend and not as a separate petitioner asserting my own claims.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 9, 2026, at Victorville, California.

______________________________

Kresha Cael

Next Friend of Petitioner A.C.

## EXHIBITS AND THE STATE-COURT RECORD

Under Rule 5(a) of the Rules Governing Section 2254 Cases, Respondent is not required to file an answer unless the Court orders one. If the Court orders an answer, Rule 5(c) requires Respondent to address the allegations and identify the relevant transcripts and other portions of the state-court record that are available, state when they can be furnished, and attach the portions Respondent considers relevant. The Court may order additional portions of the record or direct that recorded but untranscribed proceedings be transcribed and furnished.

Petitioner does not contend that Respondent must automatically file the entire state-court record merely because this petition is filed. Petitioner requests that the Court direct production or supplementation of the record only if the Court orders an answer and determines that additional portions of the record are necessary under Rule 5.

The state-court materials relevant to the claims include the operative custody and placement order, the March 19, 2026 order, the February 5, 2026 detriment order, the state appellate filings presenting the federal claims, and the portions of the transcripts and exhibits identified in the exhaustion allegations. Petitioner identifies those materials to assist the Court's preliminary review and does not ask the Court to treat disputed factual assertions in those materials as established merely because they are referenced.

## EXHIBIT ATTACHED

A Voluntary Declaration of Paternity, Ronald McCorkle Jr.

## REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Petitioner requests judicial notice only of the existence, filing, dates, docket numbers, and dispositions of the publicly accessible records in California Court of Appeal Case No. E088087 and California Supreme Court Case No. S295964. Petitioner does not request judicial notice of the truth of disputed factual assertions, evidentiary conclusions, or legal arguments contained in those records. Any disputed fact must be established through the state-court record and the standards governing federal habeas review. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

**United States District Court District:**

*Central District of California*

**Docket or Case No.:**

______________________ *(to be supplied by the Clerk)*

**Place of Confinement:**

*N/A — Petitioner A.C. is not confined in a criminal facility. This petition challenges A.C.'s continuing dependency custody and foster-care placement, maintained pursuant to orders of the San Bernardino County Superior Court, Case No. J299487.*

**Prisoner No.:**

*N/A*

**Petitioner**

*A.C., a minor, by and through Kresha Cael, next friend*

v.

**Respondent (authorized person having custody of petitioner)**

*Jeany Zepeda, in her official capacity as Director of San Bernardino County Children and Family Services. Petitioner has not yet reviewed the operative custody order and does not represent that this designation is conclusively correct; Petitioner will confirm or amend this designation once that order is obtained.*

**The Attorney General of the State of:**

*California*

# PETITION

**1. (a) Name and location of court that entered the judgment or order you are challenging:**

*San Bernardino County Superior Court, Juvenile Division, Department J-4, 8303 N. Haven Avenue, Rancho Cucamonga, CA 91730.*

(b) Criminal docket or case number (if you know):

*N/A — not a criminal proceeding. Juvenile dependency Case No. J299487.*

**2. (a) Date of the judgment or order you are challenging:**

*March 19, 2026 (order denying the omnibus motion brought on A.C.'s behalf, the order challenged herein).*

(b) Date of sentencing:

*N/A*

**3. Length of sentence:**

*N/A — not a criminal sentence. A.C. remains subject to continuing dependency and foster-care custody.*

**4. In this case, were you convicted on more than one count or of more than one crime? [ ] Yes [X] No**

*N/A — not a criminal conviction.*

**5. Identify all crimes of which you were convicted and sentenced in this case:**

*N/A*

**6. (a) What was your plea?**

*N/A*

**(b)-(c) Trial information:**

*N/A*

**7. Did you testify at a pretrial hearing, trial, or a post-trial hearing? [ ] Yes [ ] No**

*N/A — not applicable in this procedural posture.*

**8. Did you appeal from the judgment or order you are challenging? [X] Yes [ ] No**

*Yes.*

**9. If you did appeal, answer the following:**

(a) Name of court:

*Court of Appeal, Fourth Appellate District, Division Two.*

(b) Docket or case number (if you know):

*E088087.*

(c) Result:

*Denied.*

(d) Date of result (if you know):

*2026.*

(e) Citation to the case (if you know):

*N/A.*

(f) Grounds raised:

*The same grounds set forth in Question 12 below and in the attached Memorandum of Points and Authorities.*

(g) Did you seek further review by a higher state court? [X] Yes [ ] No

**If yes, answer the following:**

(1) Name of court:

*California Supreme Court.*

(2) Docket or case number (if you know):

*S295964.*

(3) Result:

*Review denied.*

(4) Date of result (if you know):

*April 15, 2026.*

(5) Citation to the case (if you know):

*N/A.*

(6) Grounds raised:

*Same grounds as set forth in Question 12 below.*

**(h) Did you file a petition for certiorari in the United States Supreme Court? [ ] Yes [X] No**

*No.*

**10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment or order in any state court? [ ] Yes [X] No**

*No, as to the specific March 19, 2026 order challenged in this petition.*

**11. If your answer to Question 10 was "Yes," give the following information:**

*N/A — answer to Question 10 was No.*

**12. For this petition, state every ground on which you claim that A.C. is being held in violation of the Constitution, laws, or treaties of the United States. Petitioner presents seven grounds (three more than this form's standard four-ground layout; additional pages are used pursuant to the form's own instruction that additional pages may be attached if more than four grounds are presented). Any legal arguments and case citations are set forth in the attached Memorandum of Points and Authorities.**

*CAUTION acknowledged: Petitioner has exhausted available state-court remedies on each ground below. See Question 9, above.*

**GROUND ONE: Unreasonable seizure and continuing custody (Fourth and Fourteenth Amendments)**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*A.C. was seized from his father Dennis Abdullah's care on December 21, 2023 without a warrant or prior judicial authorization. The Detention Report's own Finding 9 (no relatives available) is directly contradicted by page 8 of the same report, and page 5 documents that the removing agency coordinated A.C.'s mother's arrest and then relied on that arrest to support the claimed exigency. A.C. was never afforded a contested hearing on the legality of his removal; on December 28, 2023, appointed counsel waived the contested detention hearing without Petitioner's knowledge or consent.*

(b) If you did not exhaust your state remedies on this Ground, explain why:

*N/A — fully exhausted; see Question 9 above.*

(c) Direct Appeal of this Ground:

(1) Did you raise this issue on appeal? [X] Yes [ ] No

*Yes — presented in Part X.A and Part II.C of the omnibus motion denied March 19, 2026, and on appeal in Case Nos. E088087 and S295964.*

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? [ ] Yes [X] No

*No — this ground was raised directly in the underlying motion and preserved through direct appeal, as stated above.*

(e) Other Remedies:

*None beyond the direct appeal chain described above.*

(see attached Memorandum, corresponding Ground, for full legal argument and case citations)

**GROUND TWO: Denial of a meaningful federal due-process hearing concerning continued custody and visitation (Fourteenth Amendment)**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*The February 5, 2026 detriment finding and the March 19, 2026 custody ruling continued or intensified restraints on A.C.'s custody and family relationship without constitutionally adequate notice, a meaningful opportunity to present and challenge evidence, and findings supported by evidence specific to A.C. The March 19, 2026 ruling applied the changed-circumstances standard governing Welfare and Institutions Code § 388 to a motion actually governed by the best-interest standard of § 366.3.*

(b) If you did not exhaust your state remedies on this Ground, explain why:

*N/A — fully exhausted; see Question 9 above.*

(c) Direct Appeal of this Ground:

(1) Did you raise this issue on appeal? [X] Yes [ ] No

*Yes — presented in Part III and Part VIII.A of the omnibus motion denied March 19, 2026, and on appeal in Case Nos. E088087 and S295964.*

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? [ ] Yes [X] No

*No — this ground was raised directly in the underlying motion and preserved through direct appeal, as stated above.*

(e) Other Remedies:

*None beyond the direct appeal chain described above.*

(see attached Memorandum, corresponding Ground, for full legal argument and case citations)

**GROUND THREE: Use or maintenance of materially false evidence in proceedings determining A.C.'s custody (Fourteenth Amendment)**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*CFS worker Larry Outland Jr. presented materially false testimony concerning drug test results, a fabricated home conversation, and the content of a text message from Petitioner, at the October 8, 2024 hearing. The accurate information was contained in CFS's own drug testing records, already in CFS's possession and contradicting Outland's testimony at the time it was given.*

(b) If you did not exhaust your state remedies on this Ground, explain why:

*N/A — fully exhausted; see Question 9 above.*

(c) Direct Appeal of this Ground:

(1) Did you raise this issue on appeal? [X] Yes [ ] No

*Yes — presented in Part IV and Part II.A of the omnibus motion denied March 19, 2026, and on appeal in Case Nos. E088087 and S295964.*

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? [ ] Yes [X] No

*No — this ground was raised directly in the underlying motion and preserved through direct appeal, as stated above.*

(e) Other Remedies:

*None beyond the direct appeal chain described above.*

(see attached Memorandum, corresponding Ground, for full legal argument and case citations)

**GROUND FOUR: Violation of the Indian Child Welfare Act's notice requirements (25 U.S.C. § 1912(a))**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*The state court had reason to know A.C. may be an Indian child based on disclosure of possible Choctaw ancestry on August 5, 2025. Required notice was not provided to the Choctaw Nation of Oklahoma or the Mississippi Band of Choctaw Indians for over 26 months after A.C.'s removal. Petitioner's own subsequent certified mailing of notice on March 19, 2026 does not cure the State's prior 26-month failure to determine each tribe's status or provide the required notice.*

(b) If you did not exhaust your state remedies on this Ground, explain why:

*N/A — fully exhausted; see Question 9 above.*

(c) Direct Appeal of this Ground:

(1) Did you raise this issue on appeal? [X] Yes [ ] No

*Yes — presented in Part IX of the omnibus motion denied March 19, 2026, and on appeal in Case Nos. E088087 and S295964.*

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? [ ] Yes [X] No

*No — this ground was raised directly in the underlying motion and preserved through direct appeal, as stated above.*

(e) Other Remedies:

*None beyond the direct appeal chain described above.*

(see attached Memorandum, corresponding Ground, for full legal argument and case citations)

**GROUND FIVE: Denial of equal protection and arbitrary interference with A.C.'s family relationships (Fourteenth Amendment)**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*A.C.'s six siblings, who share the same alleged legal father Ronald McCorkle Jr., were placed with McCorkle following recognition of his parentage, without termination of their mother's parental rights. McCorkle separately executed an identical Voluntary Declaration of Paternity as to A.C., which the trial court refused to recognize, without the statutory findings required under Welfare and Institutions Code § 361.3.*

(b) If you did not exhaust your state remedies on this Ground, explain why:

*N/A — fully exhausted; see Question 9 above.*

(c) Direct Appeal of this Ground:

(1) Did you raise this issue on appeal? [X] Yes [ ] No

*Yes — presented in Part V and Part VII of the omnibus motion denied March 19, 2026, and on appeal in Case Nos. E088087 and S295964.*

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? [ ] Yes [X] No

*No — this ground was raised directly in the underlying motion and preserved through direct appeal, as stated above.*

(e) Other Remedies:

*None beyond the direct appeal chain described above.*

(see attached Memorandum, corresponding Ground, for full legal argument and case citations)

**GROUND SIX: Violation of the Indian Child Welfare Act's mandatory placement preferences (25 U.S.C. § 1915(b))**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*Identified relatives — including Karissa Jackson and Sean Gordon — were denied placement with A.C. without the documented, individualized good-cause findings required by 25 U.S.C. § 1915(b), and without any placement-preference analysis being conducted while A.C.'s potential Indian-child status remained unresolved.*

(b) If you did not exhaust your state remedies on this Ground, explain why:

*N/A — fully exhausted; see Question 9 above.*

(c) Direct Appeal of this Ground:

(1) Did you raise this issue on appeal? [X] Yes [ ] No

*Yes — presented in Part VI and Part IX of the omnibus motion denied March 19, 2026, and on appeal in Case Nos. E088087 and S295964.*

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? [ ] Yes [X] No

*No — this ground was raised directly in the underlying motion and preserved through direct appeal, as stated above.*

(e) Other Remedies:

*None beyond the direct appeal chain described above.*

(see attached Memorandum, corresponding Ground, for full legal argument and case citations)

**GROUND SEVEN: Denial of a federally impartial tribunal (Fourteenth Amendment)**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*A.C.'s mother filed a statement of disqualification against the trial judge under California Code of Civil Procedure § 170.1. The trial judge ruled on her own disqualification motion, contrary to § 170.3(c)(1), and subsequently held an unnoticed hearing concerning a judicial recall campaign organized against her by A.C.'s mother before continuing to preside over A.C.'s case.*

(b) If you did not exhaust your state remedies on this Ground, explain why:

*N/A — fully exhausted; see Question 9 above.*

(c) Direct Appeal of this Ground:

(1) Did you raise this issue on appeal? [X] Yes [ ] No

*Yes — presented in Part X.M of the omnibus motion denied March 19, 2026, and on appeal in Case Nos. E088087 and S295964.*

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? [ ] Yes [X] No

*No — this ground was raised directly in the underlying motion and preserved through direct appeal, as stated above.*

(e) Other Remedies:

*None beyond the direct appeal chain described above.*

(see attached Memorandum, corresponding Ground, for full legal argument and case citations)

**13. (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? [X] Yes [ ] No**

*Yes.*

**(b) Is there any ground in this petition that has not been presented in some state or federal court? [ ] Yes [X] No**

*No.*

**14. Have you previously filed any type of petition, application, or motion in a federal court regarding the judgment or order you challenge in this petition? [ ] Yes [X] No**

*No. This is the first federal habeas petition concerning the claims presented herein.*

**15. Do you have any petition or appeal now pending in any court, state or federal, for the judgment or order you are challenging? [ ] Yes [X] No**

*No petition or appeal is currently pending regarding the specific March 19, 2026 order challenged in this petition. Petitioner discloses, in the interest of full candor, that a separate ineffective-assistance-of-counsel claim concerning earlier orders in the same underlying case, San Bernardino County Superior Court Case No. J299487, remains in the process of state exhaustion and is not part of this petition.*

**16. Give the name and address of each attorney who represented A.C. or Petitioner at the following stages:**

(a)-(b) Preliminary hearing / arraignment:

*N/A — not a criminal proceeding.*

(c) At trial (dependency proceedings):

*Pablo Castro, appointed counsel, San Bernardino County.*

(e) On appeal:

*Matthew McDonald, appointed counsel.*

(f)-(g) Post-conviction proceedings:

*N/A — no separate post-conviction proceeding; see Question 9.*

**17. Do you have any future sentence to serve after you complete the sentence for the judgment you are challenging? [ ] Yes [X] No**

*N/A — not a criminal sentence.*

**18. TIMELINESS OF PETITION:**

*The judgment challenged in this petition became final on April 15, 2026, when the California Supreme Court denied review in Case No. S295964. The one-year limitations period under 28 U.S.C. § 2244(d)(1)(A) began to run no later than that date, plus the ninety-day period during which certiorari could have been sought, and will expire no earlier than on or about July 14, 2027. This petition is filed well within that period.*

**Therefore, petitioner asks that the Court grant the following relief:**

*The relief set forth in the Prayer for Relief of the attached Memorandum of Points and Authorities, including issuance of an order to show cause, and such other relief as the Court deems just and proper, is incorporated herein by reference in full.*

or any other relief to which petitioner may be entitled.

Signature of Attorney (if any): N/A — see accompanying Motion for Leave to Proceed as Next Friend regarding representation.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed (signed) on: August 9, 2026.

______________________________

Signature of Petitioner's Next Friend — Kresha Cael

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition: Kresha Cael is A.C.'s mother and next friend; A.C. is a minor and cannot sign on his own behalf.