UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-04500-AB-BFM **Date:** August 31, 2026

**Title:** *A.C. v. Jeany Zepeda*

==========================================================

Present: The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| | |
|---|---|
| Christianna Howard | N/A |
| Deputy Clerk | Court Reporter / Recorder |

| | |
|---|---|
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| N/A | N/A |

**Proceedings: (In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed**

Kresha Cael filed this pro se habeas petition on behalf of her minor child, A.C. (ECF 1). She named Jeany Zepeda, Director of San Bernadino County Children and Family Services, as Respondent. (ECF 1.) Ms. Cael requested to proceed *in forma pauperis* and to be appointed as next friend for A.C. (ECF 2, 3.)

It appears that the petition should be dismissed for four reasons: (1) a minor child cannot proceed without an attorney, even if he has a next friend; (2) the Court has inadequate information to find that Ms. Cael is the proper next friend to represent A.C.; (3) if A.C.'s claims are to go forward, the Court would need an *in forma pauperis* application that reflects A.C.'s assets; and (4) a federal habeas corpus petition is not the correct way for a minor child to seek relief from state foster care custody.

This order will explain these issues and give Ms. Cael an opportunity to fix these issues or to explain why they do not justify dismissal. **Failure to respond to this Order may result in dismissal of the case for failure to prosecute.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-04500-AB-BFM **Date:** August 31, 2026

**Title:** *A.C. v. Jeany Zepeda*

===========================================================

A. **Background**

Ms. Cael challenges the continuing foster care custody, placement, visitation, and familial contact restrictions imposed on A.C. from a March 19, 2026, San Bernadino County dependency proceeding. (ECF 1.) The petition pleads seven federal grounds for relief: (1) unreasonable seizure and continuing custody; (2) denial of meaningful due process; (3) use or maintenance of materially false evidence; (4) an ICWA notice violation under 25 U.S.C. § 1912(a); (5) equal protection interference with familial relationships; (6) an ICWA placement-preference violation under 25 U.S.C. § 1915(b); and (7) denial of an impartial tribunal. (ECF 1.) She makes these claims in a habeas petition brought under 28 U.S.C. § 2254.

**B. Analysis**

**1. Lack of Legal Counsel**

Ms. Cael seeks leave to petition for habeas relief on behalf of A.C. as next friend. Neither Ms. Cael nor A.C. is represented by an attorney. A non-attorney next friend "cannot represent others pro se [individuals] in federal court"—a prohibition that "applies in habeas cases." *Sheikh-Elmi v. Nw. Immigr. & Customs Enf't Processing Ctr.*, No. 2:25-CV-00850-JNW, 2025 WL 1397617, at *1 (W.D. Wash. May 13, 2025) (collecting cases that held non-attorneys cannot represent anyone, including minors, in a habeas action or other lawsuits without an attorney).

As Ms. Cael appears to acknowledge (ECF 2 at 3), an attorney would need to be in place to represent A.C. before this Court could proceed with A.C.'s habeas petition. The Court cannot move forward *at all* until counsel is in place.

If A.C. cannot find counsel to enter an appearance, this petition will have to be dismissed—even if the other problems identified below could be remedied.

**2. Next-Friend Standing**

Even if A.C. were represented by counsel, he would also need the assistance of an adult who could serve as his representative in court. Ms. Cael seeks leave to serve as next friend to A.C. and bring this action on his behalf. To have standing to bring a habeas petition as a next friend, the next friend has to show: "(1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner." *Massie ex rel. Kroll v. Woodford*, 244 F.3d 1192, 1194 (9th Cir. 2001). The first prong is satisfied here: because A.C. is a minor, he cannot litigate his own petition. *See Angel v. Marten*, No. CV 21-7333 ODW (PVCx), 2021 WL 9721324, at *2 (C.D. Cal. Dec. 29, 2021).

As to the second prong, even though Ms. Cael is A.C.'s biological parent, Ms. Cael did not have custody of A.C. before the pertinent state custodial decisions. (*See* ECF 3.) Courts to have hesitated to treat a biological parent as a next friend where parental rights have been terminated by the State. *Safouane v. Fleck*, 226 F. App'x 753, 758 (9th Cir. 2007). There would thus have to be a further showing of the relationship between Ms. Cael, A.C., and A.C.'s

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-04500-AB-BFM **Date:** August 31, 2026

**Title:** *A.C. v. Jeany Zepeda*

==========================================================

current guardian before the Court could grant Ms. Cael's motion to proceed as next friend.[1]

**3. *In Forma Pauperis* Application**

Third, Ms. Cael filed an *in forma pauperis* application reflecting her financial status. (ECF 3.) Where a minor is the real party in interest and seeks to proceed *in forma pauperis*, it is the minor's financial status, and not the proposed next friend's, who is relevant. *See Turner v. Cal Prop. Mgmt.*, No. 23-cv-06473-NC, 2024 WL 997340, at *2 (N.D. Cal. Jan. 12, 2024), report and recommendation adopted, 2024 WL 1000194 (N.D. Cal. Feb. 2, 2024) (denying *in forma pauperis* application not filed by the real party in interest).

**4. Viability of Habeas Claim**

Finally, it appears that the petition may not be viable as currently framed. A federal court may grant habeas relief under 28 U.S.C. § 2254 to a prisoner in state custody challenging their custody. *Thompkins v. Martinez*, No. 2:23-CV-0449-TLN-JDP (P), 2025 WL 1392617, at *9 (E.D. Cal. May 14, 2025) report and recommendation adopted, 2025 WL 1707178 (E.D. Cal. June 18, 2025). Federal habeas, however, "is not available to challenge or claim parental rights or child custody." *O'Neal v. Washoe Cnty. Soc. Servs.*, No. 3:13–

[1] As discussed below, it is questionable whether this case would proceed as a habeas case in any event. If the action could be converted to a civil rights case, the Court would be confronted with a similar issue, in that Rule 17 of the Federal Rules of Civil Procedure states, unless the case is brought by the guardian or conservator of a minor, the court must appoint a guardian ad litem. Fed. R. Civ. P. 17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-04500-AB-BFM **Date:** August 31, 2026

**Title:** *A.C. v. Jeany Zepeda*

==========================================================

CV–00575–RCJ–VPC, 2014 WL 1350344, at *2 (D. Nev. Apr. 3, 2014) (citing *Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502, 511 (1981) (discussing how foster or adoptive custody of children is not the type of custody traditionally challenged through federal habeas)).

* * * * *

The Court therefore orders Ms. Cael to show cause—to explain—why this case should not be dismissed **by September 21, 2026**. Alternatively, Ms. Cael can comply with this Order by: (1) having an attorney enter a notice of appearance on behalf of A.C.; (2) resubmitting the *in forma pauperis* application; (3) filing a supplemental request to proceed as next friend addressing the issue identified above; and (4) filing a First Amended Complaint. Doing all four of those things will be deemed compliance with this Order to Show Cause.

The Court advises Ms. Cael again that unless A.C. is represented by counsel, the Court will have to dismiss claims brought on A.C.'s behalf, regardless of whether these other issues are addressed. The Court further advises Ms. Cael that she has the option of voluntarily dismissing this case without prejudice if she is unable to locate counsel.

Plaintiff is warned that, if she does not comply with this order within the deadline set by the Court (or seek an extension of that deadline, if she has a good reason to do so), **the Court will recommend to the assigned District Judge that the action be dismissed without further leave to amend**.

Plaintiff is advised that the Los Angeles Federal Pro Se Clinic offers help to people who have a case pending in this Court and do not have an attorney.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-04500-AB-BFM **Date:** August 31, 2026

**Title:** *A.C. v. Jeany Zepeda*

==========================================================

The Clinic is located in the Roybal Federal Building and Courthouse, 255 East Temple Street, Suite 170, Los Angeles, California 90012, and operates **by appointment only**. You may make an appointment by calling the Clinic at (213) 385-2977, ext. 270, or by submitting an on-line request for services at the following site: http://prose.cacd.uscourts.gov/los-angeles.

**IT IS SO ORDERED**.

cc: Kresha Cael, pro se

Initials of Preparer: ch